UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER DENIS WHITE, ) | CASE NO. C05-1794-JCC-MAT |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | REPORT AND RECOMMENDATION |
| ) | |
| ROBIN ARNOLD-WILLIAMS, et al., ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

This is a federal habeas action brought pursuant to 28 U.S.C. § 2254. Petitioner is currently confined at the Western State Hospital ("WSH") pursuant to a July 1, 2005, order of the King County Superior Court revoking petitioner's less restrictive treatment. The Superior Court, after finding that petitioner had violated the terms and conditions of a previous order and judgment for less restrictive treatment, remanded petitioner for a period of intensive treatment not to exceed 180 days from June 27, 2005.

Petitioner submitted his federal habeas petition to this Court for review on October 25, 2005. He asserts in his petition that his less restrictive treatment was improperly revoked. He also asserts that he has been assaulted by staff at WSH. Petitioner concedes that he has not appealed

REPORT AND RECOMMENDATION
PAGE -1

the order revoking his less restrictive treatment, but asserts that his lawyer would not allow him to do so. As to his claims regarding assaults by WSH staff, petitioner asserts that he has filed complaints with the hospital but that nothing has been done.

To the extent petitioner challenges the order revoking his less restrictive treatment, petitioner's claims are not yet eligible for federal habeas review. State remedies must first be exhausted on all issues raised in a federal habeas corpus petition. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. §2254(b), (c). The exhaustion requirement is not deemed satisfied until petitioner demonstrates that each of his federal claims has been presented to the state's highest court or that no state remedy is now available. *Batchelor v. Cupp*, 693 F.2d 859, 863 (9th Cir. 1982), *cert. denied*, 463 U.S. 1212 (1983). The exhaustion requirement is a matter of comity, intended to afford the state courts "the first opportunity to remedy a constitutional violation." *Sweet v. Cupp*, 640 F.2d 233, 236 (9th Cir. 1981). Petitioner makes clear that he has never presented any of his federal habeas claims to the state courts for review. Petitioner's federal habeas claims are therefore unexhausted.

To the extent petitioner challenges the conduct of staff at WSH, his claims are not cognizable in a federal habeas action. Petitioner may, if he chooses, pursue any constitutional challenges to the conditions of his confinement at WSH in a separate civil rights action brought under 42 U.S.C. § 1983.

/ / /

/ / /

/ / /

/ / /

REPORT AND RECOMMENDATION
PAGE -2

For the foregoing reasons, this Court recommends that petitioner's federal habeas petition and this action be dismissed without prejudice. A proposed order accompanies this Report and Recommendation.

DATED this  3rd  day of  November, 2005.

*[signature]*
Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -3