01

02

03

04

05

06                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
07                                 AT SEATTLE

08   CHRISTOPHER DENIS WHITE,           )    CASE NO. C05-1794-JCC-MAT
                                        )
09          Petitioner,                 )
                                        )
10      v.                              )    REPORT AND RECOMMENDATION
                                        )
11   ROBIN ARNOLD-WILLIAMS, et al.,     )
                                        )
12          Respondents.                )
     _____ )

13

14          This is a federal habeas action brought pursuant to 28 U.S.C. § 2254.  Petitioner is

15   currently confined at the Western State Hospital ("WSH") pursuant to a July 1, 2005, order of the

16   King County Superior Court revoking petitioner's less restrictive treatment.  The Superior Court,

17   after finding that petitioner had violated the terms and conditions of a previous order and judgment

18   for less restrictive treatment, remanded petitioner for a period of intensive treatment not to exceed

19   180 days from June 27, 2005.

20          Petitioner submitted his federal habeas petition to this Court for review on October 25,

21   2005.  He asserts in his petition that his less restrictive treatment was improperly revoked.  He also

22   asserts that he has been assaulted by staff at WSH.  Petitioner concedes that he has not appealed

REPORT AND RECOMMENDATION
PAGE -1

01 the order revoking his less restrictive treatment, but asserts that his lawyer would not allow him

02 to do so.  As to his claims regarding assaults by WSH staff, petitioner asserts that he has filed

03 complaints with the hospital but that nothing has been done.

04      To the extent petitioner challenges the order revoking his less restrictive treatment,

05 petitioner's claims are not yet eligible for federal habeas review.  State remedies must first be

06 exhausted on all issues raised in a federal habeas corpus petition.  *Rose v. Lundy*, 455 U.S. 509

07 (1982); 28 U.S.C. §2254(b), (c).  The exhaustion requirement is not deemed satisfied until

08 petitioner demonstrates that each of his federal claims has been presented to the state's highest

09 court or that no state remedy is now available.  *Batchelor v. Cupp*, 693 F.2d 859, 863 (9th Cir.

10 1982), *cert. denied*, 463 U.S. 1212 (1983).  The exhaustion requirement is a matter of comity,

11 intended to afford the state courts "the first opportunity to remedy a constitutional violation."

12 *Sweet v. Cupp* , 640 F.2d 233, 236 (9th Cir. 1981).  Petitioner makes clear that he has never

13 presented any of his federal habeas claims to the state courts for review.  Petitioner's federal

14 habeas claims are therefore unexhausted.

15      To the extent petitioner challenges the conduct of staff at WSH, his claims are not

16 cognizable in a federal habeas action.  Petitioner may, if he chooses, pursue any constitutional

17 challenges to the conditions of his confinement at WSH in a separate civil rights action brought

18 under 42 U.S.C. § 1983.

19 / / /

20 / / /

21 / / /

22 / / /

REPORT AND RECOMMENDATION
PAGE -2

01      For the foregoing reasons, this Court recommends that petitioner's federal habeas petition

02  and this action be dismissed without prejudice.  A proposed order accompanies this Report and

03  Recommendation.

04      DATED this  3rd  day of  November, 2005.

05

06                                          _____
                                            Mary Alice Theiler
                                            United States Magistrate Judge
07

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

REPORT AND RECOMMENDATION
PAGE -3